IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE TEPP, | § |
| Movant, | § |
| V. | § NO. 3:23-CV-0115-M-BT |
| | § (NO. 3:19-CR-0605-M) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Steve Tepp under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On January 8, 2020, Movant was named in a seven-count superseding indictment, charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count four with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count six with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in count seven with possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). CR ECF No.[1] 24. Movant initially entered a plea of not

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-0605-M.

guilty. CR ECF No. 60. He later entered into a plea agreement pursuant to which he agreed to plead guilty to the offense alleged in count seven of the superseding indictment in exchange for the dismissal of other charges against him. CR ECF No. 93. His written plea agreement reflected that he understood he faced a sentence of at least 5 years and not more than 40 years' imprisonment; he waived his right to appeal or pursue habeas relief except in certain limited circumstances; his plea was freely and voluntarily made and not the result of force, threats, or promises; and, he had thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with his representation. *Id.* In conjunction with the written plea agreement, Movant signed a revised factual resume that set forth the elements of the offense alleged in count seven of the superseding indictment and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 102. The revised factual resume specifically provided that Movant understood that the document was not intended to be a complete accounting of all the facts and events related to the offense charged, but only to demonstrate that a factual basis existed to support Movant's guilty plea to count seven of the superseding indictment. *Id.* at 4.

On December 14, 2020, Movant appeared via videoconference before the undersigned for the purpose of entering his plea of guilty. CR ECF No. 149. He waived his right to appear in person and agreed to proceed via video. Movant testified under oath that: he signed the revised factual resume; he understood the elements of the offense charged in count seven and he committed each one; he was fully satisfied with the advice and legal representation provided by his attorney; he approved of his attorney's having signed the plea agreement and plea agreement supplement on his behalf; he understood the penalties he faced; he understood that he was giving up his right to appeal and to further challenge his conviction except in certain limited circumstances; he had

2

thoroughly reviewed all the legal and factual aspects of the case with his attorney and was fully satisfied with the representation he had received; he acknowledged and agreed with all of the agreements he had with the government (the plea agreement, plea agreement supplement, and revised factual resume) and asked the Court to accept his plea based upon them; all of the facts set out in the revised factual resume were true; he agreed with revised wording to clarify the revised factual resume (which appeared to be missing some words); and, he pled guilty to count seven of the superseding indictment. *Id.*

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR ECF No. 127, ¶ 22. He received a two-level increase for possession of a dangerous weapon. *Id.* ¶ 23. He received a three-level adjustment for acceptance of responsibility. *Id.* ¶¶ 29, 30. Based on a total offense level of 29 and a criminal history category of III, his advisory guideline imprisonment range was 108 to 135 months. *Id.* ¶ 85. Movant filed objections to the PSR, primarily contesting being held accountable for drugs found in a bedroom of the house where he was found when a search warrant was executed. CR ECF No. 131. The probation officer prepared an addendum supporting the PSR as written. CR ECF No. 132.

The Court sentenced Movant to a term of imprisonment of 120 months. CR ECF No. 138. He appealed despite having waived the right to do so. CR ECF No. 140. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted, the United States Court of Appeals for the Fifth Circuit determining that the appeal presented no nonfrivolous issue for review. *United States v. Tepp*, No. 21-10641, 2022 WL 101971 (5th Cir. Jan. 11, 2022). He did not file a petition for writ of certiorari.

## II.     GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion: (1) his plea was not knowing and voluntary; (2) he received ineffective assistance of counsel; (3) his sentence was based on the original, rather than the revised, factual resume; and (4) he was denied allocution. ECF No.[2] 10 at 7–8.

## III.    APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" refers to the number of the item on the docket in this civil action.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    **B.**   **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.**   **ANALYSIS**

All of Movant's grounds appear to arise out of Movant's misperception that the Court used his original factual resume to determine Movant's sentence. The record reflects that Movant is

mistaken.[3] CR ECF No. 150. In any event, Movant should have raised his first, third, and fourth grounds on appeal, but failed to do so. He cannot proceed with them here. *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). He has not shown cause and prejudice. *Shaid*, 937 F.2d at 232. And, in any event, Movant waived the right to pursue collateral relief as to the third and fourth grounds. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). Moreover, even if there had been a guideline calculation error, and there was not, it could not be pursued here. *United States v. Williamson*, 183 F.3d 438, 462 (5th Cir. 1999).

Movant's reply clarifies his position that his plea was not knowing and voluntary (ground one) and that he received ineffective assistance of counsel (ground two) because his attorney originally signed the plea agreement, plea agreement supplement, and factual resume without Movant's knowledge or approval. ECF No. 16. The circumstances of the execution of these documents were explored at rearraignment. Counsel explained that the documents were signed during COVID-19 while Movant was confined under restrictive conditions in Limestone County and the documents had to be signed to meet the Government's deadline. CR ECF No. 149 at 8. Movant himself actually signed the revised factual resume and requested the Court to rely upon it as support for the plea agreement. *Id.* at 8–10. Movant testified that counsel had first signed the plea agreement and plea agreement supplement without his permission and consent, but they had since "straightened it out" and [e]verything's good." *Id.* at 15–16. He had reviewed the plea agreement and concluded that he wished to enter into it as if his attorney had the authority to sign

---

[3] The sentencing transcript makes clear that the Court did not rely on Movant's admissions in the original factual resume to determine that he was responsible for guns and methamphetamine found at the house where a search warrant was executed. Rather, the Court considered all of the evidence obtained during the investigation to determine that Movant exercised custody and control over the room where certain weapons and the black backpack with the methamphetamines were located. This evidence is summarized in the PSR, which the Court accepted, determining that the offense level had been properly calculated. CR ECF No. 150 at 17.

Movant's name. *Id.* at 16. He agreed with all of the statements contained in the plea agreement and plea agreement supplement and asked the Court to accept his plea agreement based upon them. *Id.* at 24. Specifically, he affirmed counsel's having signed the plea agreement and plea agreement supplement as if Movant had signed them himself. *Id.* at 25. He had no questions for the Court or his counsel before proceeding with his plea. *Id.* at 25–26.

Movant clearly understood the charges against him and the penalties he faced. The plea was not the result of force, threats, promises, or misrepresentations. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and revised factual resume are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). His guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). That Movant may have subjectively believed that he would only be held accountable for heroin does not affect the voluntariness of the plea. *See Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993).

Even if the conduct Movant describes could have amounted to ineffective assistance, Movant has not shown that he was prejudiced as a result. Nor could he, since he asked the Court to consider the plea agreement and plea agreement supplement to have been signed by him. Movant can only speculate that he was harmed by the signing of the original factual resume. Although the PSR refers to the "Factual Resume," it does not cite to the original factual resume as establishing any facts. Rather, it is clear that the overview of the conspiracy and description of Movant's overt acts come from other sources including confidential informants and not from any admissions on

7

his part. CR ECF No. 127. Moreover, Movant has not shown that the PSR contains any "arithmetic error" or that it should have been rewritten. ECF No. 16 at 11. There is no reason to believe, and Movant certainly has not established, that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189. Having suffered no prejudice, Movant is not entitled to relief.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd **day** of **April, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE